The Judges of the United States Court of Appeals of the 8th Circuit Hear ye! Hear ye! Hear ye! The United States Court of Appeals of the 8th Circuit is now in session All persons having business reports are now on the floor They're not grounded and they will be heard God save the United States of the 7th Court Everyone may be seated It's a pleasure to be here in Fayetteville at the University And we welcome particularly all of the students who have come And of course the counsel who have come here to argue Mr. Gaines, would you call the first case for argument? I will, Your Honor The first case for oral argument today in session, bar 7 Is number 18-4459, Leslie of Arkansas Northport Health Services of Arkansas, etc. et al. Versus Mark Posey, etc. et al. Is it Mr. O'Quinn? Yes, Your Honor Please proceed May it please the Court My name is Darrell Quinn I'm an attorney today here on behalf of the estate of Clyde Posey And his son, the Special Administrator, Mark Posey This suit started out in state court It was an abuse, a nursing home abuse and neglect case And Mr. Posey checked into the nursing home back in 2004 And he signed an admission package that contained an arbitration agreement At the time, he was hallucinating, he was delusional, he was demented He had no legal capacity to contract And that's not Now how do we know that at this point? All those facts you're saying about his medical statement The district court presumed that he was incapacitated The appellee has not argued that he had any capacity We filed an expert nurse affidavit and three or four other affidavits Plus medical records that show he was seeing fires, seeing dead relatives All types of things So he was clearly incapacitated And his son, Matt Posey, did not have his power of attorney So Mr. Posey didn't have the power to contract on his own Matt Posey didn't have the power of attorney to contract on his behalf And that case was then removed to federal court In order to try to enforce the arbitration clause And now we're here today, the judge We filed competing motions for summary judgment The judge granted the nursing home's motion for summary judgment And denied Mr. Posey's motion for summary judgment And so as the case is kind of sealed down to the issues It appears that the issues, really the salient issue is When the son, Matt Posey, signed as a responsible party Did he sign in a representative capacity Which he didn't have the ability to do legally Because he wasn't the power of attorney Or did he sign in his individual capacity Would you agree he signed in his individual capacity? In his individual? Yes No sir, that's the whole issue And I think he thought he was signing or attempted to sign In a representative capacity as the responsible party And the responsible party is defined as either A legal guardian, a power of attorney Or another person that's willing to act on behalf of the resident And help for his care and treatment and services If he didn't have a power of attorney, who paid the bills? Did Matt Posey pay the bills out of his dad's checking account? How did he do that in the record? Normally after a period of time you go on Medicaid Yeah, but who pays until you go on Medicaid? You have to spend down Yes sir I'm not familiar with who was paying the bills At that initial period But sometimes they accept them Contingent upon them qualifying And then they make it retroactive So that may be what happened Are you saying that the term In these documents, the term responsible party Indicated some representative capacity? Yes sir, and there's two Well what about the term responsible party As simply the person that's going to be responsible for bills To the extent they're not paid by insurance In other words, someone financially responsible Not representing the patient But agreeing to individually be responsible for charges that may come due There's a nursing home regulation that doesn't allow a nursing home It's a CMS regulation I don't have the citation in front of me But it does not allow a nursing home to require A family member to be a personal guarantor of the residence bill Even during the first six months, counsel? That's certainly not true during the six months at a private pay facility A family member requiring to give a personal guarantee I believe there's a nursing home regulation And I can supplement it with a Rule 28J letter if we need to But that would not allow the requirement of a personal guarantee So yes, I think he signed He attempted to sign as a representative As the responsible party And if you look at the Pine Hills case That was before the district court at that time And that is Pine Hills v. Talley It's cited in the brief It's almost identical facts The responsible parties defined the same The contracts Well, there the admission agreements and the arbitration agreement were separate Two days apart, right? That's right Does that make a big enough difference if they were two days apart? And then Hickory Heights came along very recently And Hickory Heights solidified, I think It was argued, well, this is just a three-judge panel of the Court of Appeals And its own petition for re-hearing But that case has now been finalized The re-hearing was denied according to the public record Under Arkansas law, is it true that the denial of review by the Arkansas Supreme Court Doesn't mean anything on the merits? I think that would be a fair statement It's just that Hickory Heights is strikingly similar to this case And since this is a diversity, basically Arbitration agreement is a diversity of citizenship type of jurisdiction So Arkansas state contract law applies And Arkansas state contract law has now been defined through Pine, Hills And there's other cases as well Hickory Heights goes through those cases And shows how similar they are to the present case What I'd like the Court to know about the similarities of the present case to Hickory Heights is Matt Posey signed the admission agreement and the arbitration agreement As the responsible party upon his father's admission to the nursing home As did the daughter in Hickory Heights They were an and-or responsible party Does the and-or make any difference? Well, I saw where there's some argument I'm referring to the and-slash-or And also if you look at the admission agreement here It defines you as Mr. Posey And so there's even a distinction there When you read the arbitration part of that It says you are bound So is that an and-or situation or does it really matter? And similarly, in Hickory Heights The terms you and responsible party are used throughout the agreement To define the rights and the responsibilities among the parties In Hickory Heights, the arbitration agreement Decided that all claims covered by the program Should be resolved by binding arbitration As does here The admission agreement in both cases begins similarly as follows This admission agreement states that the terms and conditions Agreed to you, Clyde Posey, your responsible party Matt Posey, and North Forge As the licensed operator of the facility Those are similar Number five, and maybe this is most important The admission agreement in the present case And the one in Hickory Heights Contain the identical definition of responsible party So, the court of appeals Does Arkansas have a special rule for these A special law for these nursing home agreements? They've got to be treated like any other contract And if there's any other contract If there's an ambiguity in the contract About the intent of the parties Then the ambiguity is construed against the drafter Here, the nursing home drafted this agreement In Hickory Heights, the court said It's ambiguous whether the daughter signed as She signed as responsible party Just like Mr. Posey signed here But it's ambiguous whether that was an individual signature Or a representative type capacity signature And they found that it was ambiguous And that that would be construed against the drafter And as I said, number five The definition of a responsible party Is exactly the same in both cases The other side cited two or three Arkansas Supreme Court cases That makes it sound like Arkansas As you know, the federal courts have been ruling on this Different than the state courts You're aware of that Yes, sir It makes the 1939 case and the 1994 case The other side cited Make it sound like Arkansas is treating Nursing home contracts different than other contracts It's not as the same general contract law As that if there's an ambiguity It's construed against the drafter And this is ambiguity in the admission agreement The contract and the arbitration clause The contract and it should be construed against The nursing home who drafted it And had the opportunity to clear that up The arbitration agreement in the present case And in Hickory Heights Both provided signature lines for the resident And the responsible party And the facility representative Like in Hickory Heights Matt Posey indicated the agreement His relationship to Clyde Posey was signed That's the same thing that the daughter did In Hickory Heights She indicated her relationship as daughter And the court found that All of that creates ambiguities And I think number seven and finally As in Hickory Heights At the beginning of the agreement The following language was cited That's page 5 of my replibrary And it says The person signing this agreement As your responsible party Has the following relationship to the resident Please check It says spouse, relative, which is checked Legal guardian, attorney in fact Entrance party and others So that's exactly how it was signed in Hickory Heights Those cases are strikingly similar And then they go through the Supreme Court cases The Hickory Heights case Goes through the Supreme Court cases That His Honor referred to And compares those And breaks them down And says this is not inconsistent With the way Arkansas has been ruling For many years On these arbitration agreements I think I have about five minutes left So I'll reserve that time You may do that, Counsel Mr. Dory Thank you May it please the Court Counsel My name is Kirk Dory I'm here on behalf Of the Appalachian Northport et al  The District Court Analyzed all of the factors That my learned opponent Has set forth In its underlying opinion In this case Specifically Judge Holmes found that There was no ambiguity As to whether or not Mr. Posey's son Executed this agreement In his individual capacity Or in some representative capacity Is that the Is that the determinative issue? If we determine that He signed as a responsible Or representative party You lose If you sign as an individual You win Is that Is that what this case comes down to? I think in terms of the Third party beneficiary analysis Your Honor That is determinative Because as the District Court held If he signs in his individual capacity Then a valid contract exists Between Matt Posey the son And the nursing home For the benefit of Clyde Posey The resident in this case If he's signing as an individual What is he agreeing to do As an individual? The District Court below Held that The definition of responsible party That applied to Matt Posey in this case Was an individual Who agrees to assist the facility In providing for a resident's health Care and maintenance There are two other definitions Of a responsible party That are contained In the admission agreement But those don't apply Because it's acknowledged And not disputed in this case That Matt Posey Was not the power of attorney Or the guardian of his father So Judge Holmes concluded That the only definition That applied to Matt Posey Was to sign in his individual behalf As somebody who agreed To assist the facility In providing for a resident's health Care and maintenance And so we think that The District Court's analysis In that respect was spot on The District Court went on to find In connection with Third party beneficiary analysis That not only did Matt Posey Sign in his individual capacity But he certainly did so For the benefit of his father And his father received The benefit of the agreement Because he was admitted To the nursing home And received care there For approximately 11 years So it is important In terms of the third party Beneficiary analysis As to whether the son Signed in an individual capacity Or in a representative capacity Because some of the other Arkansas cases That have interpreted this Have held from the Court of Appeals That if somebody signs In a representative capacity Then the prerequisites for that Either a power of attorney Or a guardianship Need to be met And this case I think Can be distinguished from Those other cases From the Court of Appeals Distinguishing cases Counsel, you better talk About the elephant in the room Our district judge Issues the opinion in June And along comes The Hickory Heights Versus Cook case In September And now the Supreme Court Of Arkansas has refused To review its final Why is that not the best Prediction of Arkansas law The latest Hickory Heights case? I think for a couple of reasons Your Honor First, I don't think this court Needs to reach that In order to affirm The district court below Because Judge Holmes Found in his opinion That there was no ambiguity As to whether or not Matt Posey signed In his individual capacity He held that he did In the Cook case Which was an appeal From a one line order At the trial court Denying arbitration The Court of Civil Appeal I'm sorry The appellate court Found that There was an ambiguity With respect to the intent Of the signatory The daughter of the resident Who likewise Was neither the power of attorney Or the guardian And so We think that The case can be Distinguished on That basis The definition of the Responsible party Is the same Right But the ambiguity Is From the court of appeals Case in Cook Was held that The intent Of the signatory Whether she was signing In an individual capacity Or a representative capacity Was ambiguous The court of appeals Did not say that The arbitration agreement itself The terms of that agreement Were ambiguous Rather The court substituted Its judgment I think incorrectly To determine that There was something Ambiguous about How or in what capacity Ms. Cook's daughter Intended to sign that agreement Well help us with The bigger issue And especially with the audience Where the federal courts Are ruling one way Or the right And they have for 10 years As best I can tell In Arkansas And the state courts Are basically ruling The other way What do we do? Well your honor I think it is apparent From at least the last Four court of appeals Which is the intermediate Appellate court in Arkansas As this court knows That A fair reading  Would seem to indicate That the court is trying To find reasons To deny arbitration And I think At this point It's important To understand The overreach Of that Court of appeals And the overarching Effect of the Federal Arbitration Act And the intent Of that act According to The United States Supreme Court To put arbitration Agreements on An equal footing Well counsel Besides rhetoric Tell us what cases We compare to Because you're correct The federal arbitration Act would win In the end But tell us What What cases You point to In Arkansas court That look just like These except They're not in The nursing home What is that In terms of The third party Beneficiary Analysis Yes sir There is The case That is Cited in our Brief It is the Perry versus Baptist That confirms That the Third party Beneficiary Analysis Is alive And well In Arkansas There is also The American Insurance Versus Cazort Case Which is An Arbitration Case That states Essentially That if A Person Is Assumes the Benefit Of an Arbitration Agreement By contract Then certainly They have to Take the burden As well Cazort is a Supreme court Of Arkansas Case Is the first Case you mentioned Also a Supreme court Of Arkansas Case I Think That Kurt Was Incorrectly Decided By the Court of Appeals But I Think Again This court Doesn't need To reach It because Of the Lack of Ambiguity That Judge Holmes Found Below In terms Of whether Or not Mr. Posey Should Be Assigned Individually So I Hope I've Addressed Your Question Your Honor And I Think It's Also We agree On the Facts It's Tough To Distinguish The Facts Of That Case From This Case I Do Your Honor And I Handled The Case As Well And So The Facts Were Similar But I Think The Analysis That Judge Holmes Performed At The District Court Of Appeals Is The Best Indicator Of Arkansas Law I Think You Do Your Honor And I Also Think That It's Important To Look At Language From Some Of The Other Supreme Court Cases Such As The Direct TV Case Which Said That When There Is A Perceived Hostility To The Drafting Or To The Interpretation Of An Arbitration Agreement Then The Federal Arbitration Act Has Preemptive Effect Over The State Court Interpretation And I Think That It's Important To Recognize That The United States Supreme Court In A Series Of Cases Concepcion The Kindred Care Case And Others Have Held That Ambiguities Are To Be Resolved In Favor Of Arbitrability And Here The Court Of Appeals In Arkansas Took Another Step And They Said That We Are Going To Resolve This Perceived Ambiguity With The Intent Of The Signatory Against The Drafter Of The Agreement Rather Than To Hold That If There Is An Ambiguity We Decide That On The Side Of Arbitrability As The Supreme Court Of The United States Has Held That You Must When You Are Interpreting That And So You Look To The Language Of The State Court Cases To Determine Whether Or Not They Are Actually Interpreting This As A Matter Of Contract Or Whether They Are Substituting The Subjective Intent Of The Signatory When There Was No Evidence About The Objective Intent Of That Signatory Presented Below Here Again Judge Holmes Looked At That Issue And Found There Was No Ambiguity And Said Matt Posey Entered Into This Agreement Individually And Applied The Third Party Beneficiary Doctrine As He Was Agreeing To Enter Into One Of These Contracts Individually You Said It Means To Help The Nursing Home Can You Be More Specific What Was Mark Posey Agreeing To Do Individually And The Nursing Home Of Course Agreed To Provide The Services And The Custodial Care And The Other Things That Are Set Forth In The Admission Agreement And So By Accepting That Agreement And By Signing That Agreement Matt Posey Agreed To Be Bound By That Agreement To Include The Arbitration Agreement Which In This Case Was Included In The    Nursing  Of Course He Was Signing As The Responsible Party Which Could Be A Guardian Or It Could Be Someone Operating Under A Durable Power Of Attorney Or It Could Also Be A Relative Who Is Authorized To Have Access To A Bank Account For Example That Is Correct Your Honor And So The Agreement That He Was Signing As The Responsible Party Which Could Be A Guardian Or It Could Be Someone Operating Under A Durable Power Of Attorney Or It Could Be A Relative      Access  A  Account For Example That He Was Signing As The Responsible Party Which Could Be A Guardian Or It Could Be Someone Operating Under A Durable Power Of   It Could Be Someone Operating Under A Durable Power Of Attorney Or It Could Be Someone Operating Under A Relative Power Of It  Be Someone Operating Under  Durable Power Of It Could Be Someone Operating Under A Relative Power Of It Could Be Someone Operating Under   Power  It Could     A Relative Power Of It Could Be Someone Operating Under A Relative Power Of It It Could Be Someone    Relative Power Of It Could Be Someone Operating Under A Relative Power Of It Could Be Someone Operating Under A Relative Power Of It Could Be Someone      Of   Be Someone Operating Under A Relative Power Of It Could Be Someone Operating Under A Relative Power Of He Could Be  Operating In A      Be Someone Operating Under A Relative Power Of It May Be Someone Operating Under A Relative Power There Are Three Levels Of Representative Parties One The Private  And The The Responsible Party To Broker My Father I Need To Get Money For The Private Party To Broker      Get Money For The Private Party To Broker My